IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LEONARD DALE VANDAM,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER DENYING MOTION<br>UNDER 28 U.S.C. § 2255<br>AND<br>DENYING MOTION TO RECONSIDER<br>APPOINTMENT OF COUNSEL<br><br>Case No. 1:09-CV-00007<br><br>*Related Case No. 1:01-CR-101*<br><br>Judge Dee Benson |

This matter is before the court on Mr. Leonard Dale VanDam's motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Additionally, Mr. VanDam has filed a Motion to Reconsider the Appointment of Counsel. (Dkt. No. 9.) Having considered the motions and pleadings, having reviewed the file, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On December 19, 2001, Mr. VanDam was charged in a two-count indictment with one count of Possession with Intent to Distribute Methamphetamine and one count of Possession of a

1

Firearm by a Restricted person, all of which occurred on or about October 17, 2001. (Criminal Case No. 1:01-CR-101, Dkt. No. 1.) A few months later, on April 24, 2002, the government filed a three-count superseding indictment, charging Mr. VanDam with two counts of Possession of Methamphetamine with Intent to Distribue and one count of Possession of a Firearm by a Restricted Person. (Criminal Case, Dkt. No. 19.) The new and additional drug trafficking charge resulted from the arrest of Mr. VanDam on or about February 25, 2002, while he was in possession of more than 75.2 grams of actual methamphetamine. (Id.)

After Mr. VanDam unsuccessfully moved to suppress the evidence in his case,[1] on December 13, 2002, he entered into a conditional plea agreement with the government. According to the terms of the Statement by Defendant in Advance of Plea of Guilty ("Plea Agreement"), Mr. VanDam agreed to plead guilty to the October 17, 2001 drug trafficking charge (possession with intent to distribute fifty (50) grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1)) and to the felon-in-possession charge (possession of a firearm by a restricted person, in violation of 18 U.S.C. § 922(g)(1)). In exchange, the government agreed to (1) drop the February 25, 2002 drug trafficking charge; (2) recommend a three-step reduction for acceptance of responsibility; and (3) recommend sentencing at the low end of the guideline range found applicable. (Criminal Case, Dkt. No. 48, Plea Agreement at 4.) The Plea Agreement also contained an appeal and collateral review waiver. (Id. at 3.)

Thereafter, on June 4, 2003, Mr. VanDam was sentenced to 168 months incarceration. Since then, for reasons not relevant to the issues presented in this case, Mr. VanDam has been re-

---

[1] Mr. VanDam filed motions to suppress the evidence seized in both the February 2002 and October 2001 incidents. (Dkt. Nos. 25 & 26, respectively.)

sentenced by this court on two separate occasions. (Criminal Case, Dkt. Nos. 86 (Apr. 25, 2006) & 131 (Oct. 25, 2007).) Mr. VanDam's most recent re-sentencing occurred on October 25, 2007, at which time the court imposed a revised sentence of 120 months. (Criminal Case, Dkt. No. 131 & 132.)[2]

On January 14, 2009, despite the waiver provision in his Plea Agreement, Mr. VanDam moved to vacate his sentence under 28 U.S.C. § 2255. In his motion, Mr. VanDam claims that his counsel was ineffective during both the plea negotiation phase of the proceedings as well as at sentencing. (Dkt. No. 1, Attachments 1 & 2.)

## DISCUSSION

**I. Motion Pursuant to 28 U.S.C. § 2255**

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). However, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." Id. at 1187. The United States Court of Appeals for the Tenth Circuit has provided that a defendant's waiver of his appellate or collateral attack rights are binding when (1) the scope of the waiver covers the disputed appeal or collateral attack; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver

---

[2]For a more detailed review of the post-conviction history of Mr. VanDam's case, see United States v. VanDam, 493 F.3d 1194, 1196-99 (10th Cir. 2007), cert. denied, 128 S. Ct. 945 (2008).

would not result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); Maxfield v. United States, Slip Copy, 2009 WL 637241 (D. Utah March 10, 2009).

### A. Scope of Appeal Waiver

As set forth above, Mr. VanDam signed a broad waiver of his appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence [is] determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255." (Criminal Case, Dkt. No. 48, Statement by Def. In Advance of Plea of Guilty at ¶ 7.) Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought – § 2255. The court finds no ambiguity in this language. Thus, to the extent Mr. VanDam has raised claims that do not attack the validity of his plea or the waiver of his post conviction rights, those claims squarely fall within the scope of the waiver.

### B. Knowing and Voluntary Waiver

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily." Hahn, 359 F.3d at 1328 (citing United States v. Elliot, 264 F.3d 1171, 1173 (10th Cir. 2001)). When deciding whether a waiver is knowing and voluntary, the court examines "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." Hahn, 359 F.3d at 1325. Mr. VanDam bears the burden of providing "support for the notion that he did not knowingly and voluntarily enter into his plea

4

agreement." Id. at 1329.  To accomplish this, he must "present evidence from the record establishing that he did not understand the waiver."  United States v. Edgar, 348 F.3d 867, 872-73 (10th Cir. 2003).  Mr. VanDam presents no such evidence.

To the contrary, the record in this case clearly reflects that Mr. VanDam understood the consequences of his Plea Agreement and entered into it knowingly and voluntarily.  Mr. VanDam signed the Plea Agreement in which he certified that he knowingly and voluntarily waived his right to appeal his sentence directly or via collateral attack; that he had fully discussed the consequences of his plea with counsel; and that he was satisfied with his counsel.  As further evidence that Mr. VanDam understood the effect of the waiver, the court finds it notable that Mr. VanDam added a hand-written amendment to the Plea Agreement which specifically reserved the right to appeal the court's denial of his motion to suppress.  (Criminal Case, Plea Agreement at ¶ 9.)  Additionally, counsel for Mr. VanDam also certified that he had discussed the Plea Agreement with him and fully explained Mr. VanDam's rights to him, and that he was of the belief that Mr. VanDam knowingly and voluntarily entered the plea with full knowledge of his legal rights.  Furthermore, prior to accepting Mr. VanDam's change of plea to guilty, the court questioned Mr. VanDam under oath, and found that he fully understood what he was doing, and that he freely and voluntarily entered into his plea.

### C. Miscarriage of Justice

Despite the foregoing, the collateral-attack and appellate waiver provision cannot be enforced if doing so would result in a "miscarriage of justice."  To prove that enforcement of the waiver provision would result in a miscarriage of justice, the petitioner must establish at least

one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings. Hahn, 359 F.3d at 1327. In Attachment 1 to Mr. VanDam's motion, he raises the second of the foregoing circumstances – that his counsel was ineffective during plea negotiations. Accordingly, the court will address this claim below. However, with regard to Mr. VanDam's remaining claims, the court finds that they are within the scope of the waiver, that the waiver was knowing and voluntary, and that enforcing the waiver will not result in a miscarriage of justice.

### 1. Ineffective Assistance

As indicated above, given Mr. VanDam's knowing and voluntary waiver, the only claim that remains is that he received ineffective assistance of counsel during plea negotiations. In this regard, Mr. VanDam claims that his counsel was ineffective for failing to analyze inconsistent laboratory tests regarding the amount of methamphetamine he possessed on October 17, 2001. A November 27, 2001 report indicated 62.8 grams of actual methamphetamine, however, a December 18, 2001 laboratory report indicated a total amount of 50 grams actual methamphetamine. Mr. VanDam claims that by failing to further analyze these inconsistent results, "counsel missed the chance to argue for relief from a minimum mandatory sentence of 10 years, to fine or possibly no sentence at all if the judge found the evidence inadmissible." (Pet.'s Attachment A at 5.) Mr. VanDam asserts that "without understanding these options, [he]

accepted the advice of Counsel and entered the instant conditional plea agreement." (Id.) He further asserts that he "would not have ever taken the plea as written if he were fully informed of these details." (Id. at 6.)

To establish that his plea was based on ineffective assistance of counsel, Mr. VanDam must demonstrate that counsel's performance was so deficient that it "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," United States v. Harms, 371 F.3d 1208, 1211 (10th Cir. 2004) (quotations omitted). There is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Strickland, 466 U.S. at 688. Conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of the petitioner that a guilty plea was knowing and voluntary. Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996).

Mr. VanDam has failed to satisfy the court that he would have gone to trial but for counsel's alleged ineffective assistance in failing to further analyze the lab results. First, the court finds it significant that prior to entering his plea, Mr. VanDam was aware of the inconsistent lab results, and by Mr. VanDam's own account he raised this issue with counsel. (Pet.'s Mot. to Reconsider Appointment of Counsel at 6.) Moreover, as the government points out, although the two separate lab results ultimately yielded different weights of actual methamphetamine, the tests results were consistent to the extent that according to either test, the results confirmed the "threshold" amount of at least 50 grams, an amount sufficient to support the charge against him.

Moreover, the court finds it significant that at his change of plea hearing Mr. VanDam was advised of and acknowledged that he knew the possible penalty for conviction of possession with intent to distribute 50 grams or more of actual methamphetamine was a "minimum of 10 years and a maximum of life imprisonment." (Plea Agreement at 1, ¶ 2.) Mr. VanDam also acknowledged that he knew that if he chose to go to trial, the government would be required to prove each and every element of the offense charged against him beyond a reasonable doubt. (Plea Agreement at 2, ¶ 5.)

Having been so advised, and being fully aware of the inconsistent lab results, Mr. VanDam admitted to the factual basis set forth in the plea agreement, which included the Utah State Crime Lab's test results indicating 62.8 grams of pure methamphetamine. (Id. at 3, ¶ 10.) Mr. VanDam represented that his decision to enter the plea was made with a full understanding of his rights, with a full understanding of the facts and circumstances of the case, and with a full understanding of the consequences of the plea. (Id. at 5, ¶ 6.) Mr. VanDam further verified that he was satisfied with his counsel and that prior to his plea, his counsel had discussed the plea agreement and his options with him.

Finally, had Mr. VanDam rejected counsel's advice to plead guilty, he would have lost the three-level adjustment for acceptance of responsibility as well as an agreement by the government to recommend the low end of the guidelines. Additionally, and perhaps most significantly, Mr. VanDam would have lost the benefit of the government's dismissal of the third count of the superceding indictment, which was based on a drug quantity of 78 grams of methamphetamine.

Based on the foregoing, the court finds that Mr. VanDam has failed to demonstrate that counsel was constitutionally deficient. As there is little doubt that Mr. VanDam understood his options, he cannot now be heard to claim that his counsel was ineffective for failing to further analyze the weight of the methamphetamine he possessed on October 17, 2001. See, e.g., United States v. Walters, 163 Fed. Appx. 674, 683 (10th Cir. 2006) (holding that counsel's decision not to pursue what appears to be "fruitless or even harmful" investigation before advising a client to plead guilty was not ineffective) (quoting Strickland, 466 U.S. at 691). Because Mr. VanDam has failed to demonstrate ineffective assistance of counsel in connection with his plea and waiver, the court finds that enforcing the waiver would not result in a miscarriage of justice. Accordingly, Mr. VanDam's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE.

## II. Motion to Reconsider the Appointment of Counsel

Finally, and in light of the foregoing, the court also denies Mr. VanDam's most recent motion to reconsider the appointment of counsel. (Dkt. No. 9.) By way of background, in May 2008, prior to filing the instant § 2255 motion, Mr. VanDam filed a motion to appoint counsel to assist him in the preparation of the motion. (Criminal Case, Dkt. No. 136.) On July 28, 2008, the court denied the request, finding it premature and also finding that Mr. VanDam had failed to demonstrate that counsel was warranted under the circumstances. (Criminal Case, Dkt. No. 138.) Thereafter, on August 3, 2009, Mr. VanDam filed the present Motion to Reconsider the Appointment of Counsel, once again asking the court to appoint counsel to assist him in pursuing the relief he seeks. (Dkt. No. 9.)

Having fully considered the matter, the court declines to grant Mr. VanDam's Motion to Reconsider the Appointment Counsel. There is no constitutional or statutory right to appointment of counsel in a § 2255 proceeding when relief is denied without an evidentiary hearing. See Rule 8 (c), Rules Governing Section 2255 Proceedings; Swazo v. Wyo. Dep't of Corr. State Pen. Warden, 23 F.3d 332, 333 (10th Cir. 1994) ("There is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required."). In this case, the single substantive issue presented to the court is a straight-forward legal issue which does not require an evidentiary hearing or any findings of fact. Therefore, appointment of counsel is unnecessary.

Similarly, although the court has broad discretion to appoint counsel for an indigent litigant, the court finds that appointment of counsel is not warranted in this case. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). In determining whether to appoint counsel under these circumstances, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the issues raised by the claims." Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). The issues in this case are not unduly complex and Mr. VanDam is not incapacitated or unable to adequately function in pursuing this matter. To the contrary, Mr. VanDam has demonstrated throughout that he is articulate and capable of presenting his claims to the court.[3] Further, as stated above, after carefully considering the points raised in Mr. VanDam's petition, the court concludes that he has not raised any

---

[3] In fact, Mr. VanDam recently informed the court that he has just completed a two-year paralegal course from Blackstone Career Institute. (Criminal Case, Dkt. No. 143 at 2.)

meritorious argument in support of his request for relief. Accordingly, Mr. VanDam's motion to reconsider the appointment of counsel is DENIED.

It is so ordered.

Dated this 11th day of March, 2010.

_____
Dee Benson
United States District Judge